***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted March 30, reversed and remanded for entry of judgment granting petition July 13, 2022

Roy Gene JONES,
*Petitioner-Appellant,*

*v.*

DOUGLAS COUNTY SHERIFF'S OFFICE,
*Respondent-Respondent.*

Douglas County Circuit Court
21CV13032; A176115

Kathleen E. Johnson, Judge.

Shawn A. Kollie and Kollie Law Group, PC filed the brief for appellant.

No appearance for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

JOYCE, J.

Reversed and remanded for entry of judgment granting petition.

**JOYCE, J.**

Petitioner appeals from a judgment denying his petition under ORS 166.274 for relief from a prohibition on possessing or purchasing firearms due to his prior felony convictions. Viewing the record on *de novo* review, ORS 166.274(10)(a), we conclude that petitioner has met his burden to demonstrate that he does not pose a threat to the safety of the public or to himself, and accordingly reverse and remand for entry of judgment granting the petition.

## FACTUAL BACKGROUND

Petitioner committed numerous crimes during the period from 1984 to 1999. In 1995, he was convicted of two felonies, burglary and driving while suspended. As a result of his felony convictions, petitioner was barred from possessing and purchasing firearms. He also has multiple convictions for nonfelony offenses, the last of which occurred in 1999. Those convictions included driving under the influence, carrying a concealed weapon, driving while suspended, second-degree theft, and failure to appear. Petitioner was also held in contempt of court and sanctioned for violating probation.

In 2021, petitioner petitioned the trial court under ORS 166.274 for relief from the prohibition on possessing or purchasing firearms. That statute provides that if a petitioner "seeks relief from the bar on possessing or purchasing a firearm, relief shall be granted when the petitioner demonstrates, by clear and convincing evidence, that the petitioner does not pose a threat to the safety of the public or the petitioner." ORS 166.274(7).

The record before us contains petitioner's affidavit, his criminal history record, and five letters of support from friends and colleagues.[1] Our record on *de novo* review also includes the hearing on the petition, held before the trial court. There, the only witness was petitioner. Petitioner described that during the time before 1999, he had been "partying and doing drugs" and being "reckless and careless[,]" contributing to his criminal behavior. When asked to

---

[1] The Douglas County Sheriff's Office waived appearance on appeal and did not take a position on the petition below.

describe the facts that gave rise to his burglary conviction, he described breaking into a garage and testified:

> "I'm so ashamed about this. I don't know. I was just, you know, when you get strung out on drugs and you're not working, you got to, you steal stuff, sell stuff, and trade stuff for drugs. And that's what I was doing."

He described that his driving while suspended conviction happened as a result of him being "young and dumb" and he "just didn't learn[.]"

He could not recall if he was required to pay restitution but testified that his parole officer "let me go a year and a half early off of parole."

Petitioner testified that after spending time in prison, he stopped doing drugs. He enrolled in treatment and "did everything they wanted me to do." Petitioner then met his wife and they raised six children together. He went 20 years without alcohol and drugs, although he recently had begun having "a beer or two after work every other day[.]" He denied ever getting drunk.

At the time of the hearing, petitioner was employed as a fiberglass technician and fusion expert and had been for eight years. He owned his home. Petitioner described being "so different" from the person that he once was and that he would not "ever break the law or hurt anybody." He wanted to have his right to own firearms restored so that he could go hunting with his family. He did not believe that he would be a danger to society if he were able to purchase and possess firearms.

As noted, petitioner also submitted five letters from colleagues and friends. They each expressed that they had no concerns about petitioner owning a firearm and described him as hardworking, peaceful, respectful, and even-tempered. For example, one letter from a coworker described petitioner as "trustworthy, dependable, and honest" and noted that he had never seen petitioner engage in any "aggressive behavior, altered mental state, or threat about anyone or anything." Another letter was from a former police officer who has known petitioner since 2007. He stated that petitioner was "peaceful and respectful[,]" and

he had "no reservation in supporting [petitioner] in having firearms and his use of them."

The trial court concluded that petitioner had failed to prove by clear and convincing evidence that he does not pose a threat of safety to the public. The court found petitioner's testimony "heartfelt." But given his extensive criminal record, the court found that petitioner had not met the standard. The court was particularly troubled by petitioner's testimony, which the court characterized as being "roundabout and it was not in terms of directly addressing the questions in detail[.]"

## DISCUSSION

Our task on *de novo* review mirrors that of the trial court—that is, we assess, anew, whether petitioner proved by clear and convincing evidence that he no longer poses a threat to the safety of the public or to himself. ORS 166.274(7). Evidence is clear and convincing if it makes the existence of a fact "highly probable" or if it "is of extraordinary persuasiveness." *State ex rel Dept. of Human Services v. Hinds*, 191 Or App 78, 84, 81 P3d 99 (2003).

Although we review *de novo*, "we give considerable weight to the findings of the trial judge who had the opportunity to observe the witnesses and their demeanor in evaluating the credibility of their testimony." *Fitts v. Case*, 243 Or App 543, 552 n 3, 267 P3d 160 (2011). That said, the deference that we give the trial court's credibility findings lessens when the findings turn on other factors, such as internal consistency, logic, and corroboration. *See In re Schenck*, 318 Or 402, 420-21, 870 P2d 185, *cert den*, 513 US 871 (1994). Here, the trial court stated that it was concerned that some of petitioner's testimony about his criminal convictions was "roundabout" and did not "directly address[] the questions in detail." To the extent that could be viewed as a credibility finding, it is not the type of finding to which we typically defer. *Id.* (the deference that we give the trial court's credibility findings lessens when the findings turn on facts such as internal consistency, logic, and corroboration). In contrast, we do give deference to the trial court's description of petitioner's testimony as being "heartfelt," because

that is a finding that depended upon the trial court being able to assess petitioner's demeanor. *Fitts*, 243 Or App at 552 n 3 (giving weight to trial court findings when the court had the opportunity to observe the witnesses' demeanor).

On the merits, we conclude that petitioner met his burden. Petitioner's crimes here occurred 20 years ago and he has not had an arrest or conviction since. Petitioner fully served his time in prison and his subsequent parole, performing so well that he was released from supervision early. He completed treatment and has refrained from drug use, which contributed, at least in part, to his crimes. He has recently begun having a beer or two occasionally after work, but he does not drink to excess. Petitioner described being "so ashamed" of his burglary conviction and believes that he is now "so different" from the person that he once was, testimony that the trial court described as "heartfelt." The five letters in support of petitioner reflect that he is honest, hardworking, and peaceful, and none of the writers had concerns about petitioner possessing firearms. Petitioner wants to be able to possess firearms so he can hunt with his family.

To be sure, petitioner committed serious offenses. But ORS 166.274 nonetheless provides a mechanism for individuals who have committed serious crimes to regain the right to purchase and possess firearms if they meet the standard set forth in the statute. Petitioner here has.

Reversed and remanded for entry of judgment granting petition.